# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Timothy Merrill,

      Plaintiff,

v.

The Prudential Insurance Company
of America,

      Defendant.

Case No. 25-cv-04300-JMB-EMB

**ORDER FOR SETTLEMENT
CONFERENCE- ERISA**

---

The Court will hold a Settlement Conference in this case on **September 3, 2026,** from **9:00** a.m. to **1:00** p.m. via Zoom Video. Chambers will provide Zoom instructions. Unless otherwise ordered, all participants should plan to spend the entire four hours, if necessary, at this settlement conference.

Participants are expected to conduct themselves at the settlement conference in the same manner as they would during a hearing in the courtroom. This includes wearing appropriate courtroom attire and maintaining courtroom decorum when the Magistrate Judge or other parties are present.

**PARTICIPANTS:** Counsel <u>who will actually try the case</u> and all parties must be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party <u>armed with full</u>

settlement authority shall be present. If there is a cap or ceiling on settlement authority, the requirement for full settlement authority has not been met. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference. If an individual is a party, he or she must personally participate unless excused by the Court. Other persons whose input or authority may be required to achieve a complete resolution of the matter must participate and, unless specifically excused by the Court, must be continuously available throughout the settlement conference.

**PRE-CONFERENCE MEET AND CONFER:**  Counsel for the parties must engage in a full and frank settlement discussion, in person or by videoconference, **no more than two weeks** before the Settlement Conference. Email and letter exchanges do not meet this requirement. Counsel must prepare for this pre-conference meet and confer with their respective clients.

Prior to the Settlement Conference, counsel must exchange at least one round of settlement proposals. Plaintiff is expected to make a demand and Defendant is expected to present a counter prior to the settlement conference. If a party does not make an opening demand or counteroffer, that party must explain why in the settlement letter. Counsel must immediately notify the Court if the case settles.

**<u>CONFIDENTIAL SETTLEMENT LETTERS:</u>**  If the case does not settle, by no later than **August 27, 2026,** each party must submit to the Court a confidential letter addressing the following, if applicable:

1.  When and where did the pre-conference meet and confer take place, how long did the meeting last, and who attended?

2.  What is the history of negotiations to date, including the demands and corresponding responses to the demands?

3.  What is the total potential exposure in the case?

4.  What is the applicable standard of review, and why?  Do the parties agree or disagree on the applicable standard?

5.  Provide a concise summary of any liability issues of significance to your position, along with citations to any relevant authorities.

6.  Provide an itemized computation of each element of the alleged damages and the basis for each.

7.  What are the strengths and weaknesses of your position on the merits?

8.  What is your assessment of the best and worst alternatives to a negotiated settlement?

9.  What are the obstacles to settlement and how can those obstacles be overcome?

10. Provide an assessment of your legal fees and expenses incurred to date and an estimate of the fees and expenses likely to be incurred if the case is litigated to conclusion.

11. State the name and position or title of each person who will attend the settlement conference on your side, indicating which of the attendees have full authority to settle the case.

12.    Any other information you believe would be helpful to the settlement process.

Letters must be no more than **eight pages** in length, (including exhibits and any attachments).  Please provide only the case citations you believe are necessary for Judge Bullard to review prior to the settlement conference. If any other documents are submitted with the letter, the specific information supporting the party's position <u>must be highlighted</u>.

These letters are for the Court's use only and need not be served on opposing counsel, although counsel are strongly encouraged to share with each other any analysis and perspectives they believe the opposing party should take into account in evaluating the case for settlement.  Counsel should submit their confidential settlement letters to Chambers via email at <u>Bullard_Chambers@mnd.uscourts.gov.</u>

**<u>FAILURE TO COMPLY:</u>**  Failure of any party, insurance company or attorney to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party, company or attorney who failed to comply.

Date: June 30, 2026          *s/Elsa M. Bullard*
                             ELSA M. BULLARD
                             United States Magistrate Judge

4